Birchard, J.
Our first inquiry is, was the interest of Jesse Justice such as to render him an incompetent witness for the plaintiff? To solve this, it is necessary to consider whether he could derive any advantage from a determination of the suit in favor of Ellis & Vallette. As he was an indorser.of the obligation to them, the most that can be claimed on behalf of defendant is, that he might be made liable in the event of a recovery against Ellis & Vallette, for the amount of the bill *499 of exchange, and for no more. The release which was executed and delivered to him, would exhonerate and discharge him from any claim for costs by the plaintiff in error.
How stands the interest in the event of a recovery by them ? If Jhe position assumed on behalf of Bervellier be correct, (and he was not at liberty to deny its correctness,) his failure to recover of Ellis & Vallette would not defeat his right to recover the amount of the bill against Justice. He was the indorser, had negotiated the paper, and if the name of Bervellier was a forgery, the act of Justice was an unlawful conversion, for which trover against him could be maintained, and the recovery would still be the amount of the bill. This state of the case so placed him, that he could neither gain or lose by the event of the suit, and shows that his interest was equally balanced, and that he ought to have been permitted to testify, unless there shall be found some other obstacle. What, then, are the remaining reasons offered to sustain the ruling of the Court of Common Pleas ? The first, in point of importance, is, that the indorsement by Justice being, on its face, unconditional and unambiguous, parol evidence is inadmissible to vary or contradict -the legal import of the instrument. In answer to this, it is sufficient to say that his testimony was not offered to vary or alter the effect of his indorsement. The object was not to change the contract made and supposed to subsist between him and Ellis & Vallette. A like answer may be given to another position, which counsel insist upon, that he could not give evidence to destroy the title of the holder, by proving facts or circumstances preceding or concurrent with the indorsement. We reply, that he was not offered to establish a fact inconsistent with his indorsement, and which tended to destroy its force. On the contrary, the evidence sought from him was perfectly consistent with and tended to sustain it.
Another argument is, that in a suit by Bervellier against the witness, the record in this case, showing a recovery against Bervellier, would be a bar. It would be strange, indeed, if one *500 having á good cause of action in trover against A, should lose it entirely by attempting and failing .to recovér of B, against whom he had no right of action. The only authority cited' in support of this singular doctrine, is from Greenleaf’s Evidence, which., is misapplied, and by no, means 'sustains it,-as. will be seen by recurring to and carefully examining the reported cases referred to by- that author. • ,

Judgment reversed and cause-remanded.